IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA SUMNER, as mother and next friend of James Lewis, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 09-cv-0427-MJR |
| JA-RU, INC., and WAL-MART STORES, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

### I.   Factual background

On June 8, 2009, Angela Sumner filed this strict liability and negligence lawsuit (dangerous design and failure to warn) against Ja-Ru and Wal-Mart, seeking damages for injuries her son, James Lewis, allegedly sustained as a result of a button battery from a toy "Play Phone" becoming lodged in his nasal passage. The phone was manufactured by Ja-Ru and distributed by Wal-Mart. Ja-Ru and Wal-Mart have filed counterclaims for setoff (Docs. 28, 30).

In March 2008, Angela Sumner purchased two toy cell phones for her twin sons, James and Jesse Lewis, who were nearly 4 years old. The Play Phone is a battery-operated toy that makes noise when the buttons on the phone are pressed. The battery compartment houses three button cell batteries and is secured with a screw. In April 2008, following a period of illness, James was taken to St. Louis Children's Hospital for examination, and a small battery was discovered lodged in his nasal passage, the removal

of which required surgery. On the same day that the battery was discovered in James's nasal passage, Michael Lewis, James's father, found the broken Play Phone under James's bed.

Plaintiff retained Bert L. Reiner, a mechanical engineer and manufacturing consultant, as an expert to "examine, evaluate and render [his] opinion on" the subject Play Phone and an exemplar of it. Reiner opines that the toy was improperly labeled and posed a potential hazard when subject to reasonable, foreseeable damage or abuse. He identified problems with age-grading[1] and product design[2], as well as violation of industry standards (because of the wrong age-grading) and federal regulations (design must be safe for use as intended plus misuse in a reasonable and foreseeable manner).

Defendants seek to strike Reiner's opinions and testimony under the *Daubert* standard, alleging that they are (1) based on nothing more than a one-time drop test; and (2) lack any support in studies, data, or scientific or industry-accepted analysis that the abuse that occurred in this case was reasonably foreseeable. According to Defendants, Reiner has not produced or specified the section of the Marks Engineering Handbook that supports his claim that the screw should have a minimum of three turns. Defendants assert that Reiner admitted he made no effort to determine how many turns it took for the

---

[1] Reiner opined that the toy should have been graded for 2+ to 6+ because products designed for children under the age of 3 are tested more stringently. The toy was graded 6+ and included in the packaging a choking hazard/small parts warning. Reiner indicated at his deposition that 2+ was a typo: the toy should have been graded 2- not 2+, which means for children under age 2.

[2] According to Reiner, the battery door is 1.5 mm thick and is held on by 2 mm screw - so only one thread is engaged and, allegedly, the door can be dislodged with minimal effort.

screw to become unengaged or how many pounds of pressure it took to loosen it. Concededly, the single drop test did not conform to ASTM 963, 8.7 testing requirements (vinyl tile over concrete - not just concrete).

Plaintiff counters that Reiner's opinions meet the standards of relevancy and reliability required for admission of expert testimony, have substantial probative value and will assist the trier of fact in understanding the evidence of the case.

**II.    Analysis**

The admissibility of expert testimony is governed by Rule 702 and *Daubert*. *See, e.g., Ancho v. Pentek Corp.*, **157 F.3d 512, 515 (7th Cir. 1998);** *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, **58 F.3d 341, 344 (7th Cir.1995).**

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion ... if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Daubert* requires District Courts to perform a gate-keeping function as to evidence offered by expert witnesses, to "ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael,* **526 U.S. 137, 152 (1999).** A District Court should consider certain criteria in deciding whether testimony satisfies *Daubert*, including these five nonexclusive guideposts: (1) whether the proffered testimony (or the theoretical framework or technique underlying it) is subject to verification through testing, (2) whether

the testimony/technique has been subjected to peer review and publication, (3) what its known or potential rate of error is, (4) whether there are standards controlling its application, and (5) whether it is generally accepted within the relevant expert community. *Mihailovich v. Laatsch*, **359 F.3d 892, 918-19 (7th Cir.),** *cert. denied,* **543 U.S. 926 (2004);** *Deimer***, 58 F.3d at 344.**

These five factors should be flexibly applied, depending on the type of expert testimony at issue. *Mihailovich,* **359 F.3d at 919.** The objective of *Daubert* is that District Courts make certain that "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire***, 526 U.S. at 152**.

### III. Conclusion

Applying the foregoing standards, the Court finds that Reiner is qualified as an expert witness because he has scientific, technical or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue. Accordingly, the Court **DENIES** Defendants' Motion to Bar and Exclude the Testimony, Test and Opinions of Bert Reiner (Doc. 41). Additionally, for reasons that the Court will articulate in a future detailed Order, the Court **DENIES** Defendant Ja-Ru's Motion for Summary Judgment (Doc. 39) and **DENIES** Defendant Wal-Mart's Motion for Summary Judgment (Doc. 40).

**IT IS SO ORDERED.**

**DATED this 17th day of September, 2010**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**