IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGELA SUMNER, as mother and next )
friend of James Lewis, a minor, )
       )
       Plaintiff, )
       )
v. )       Case No. 09-cv-0427-MJR
       )
JA-RU, INC., and WAL-MART STORES, )
INC., )
       )
       Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

## I.    Introduction

On June 8, 2009, Angela Sumner filed this strict liability and negligence lawsuit (dangerous design and failure to warn) against Ja-Ru, Inc., and Wal-Mart Stores, Inc., seeking damages for injuries her son, James Lewis, allegedly sustained as a result of a button battery from a toy "Play Phone" becoming lodged in his nasal passage. The phone was manufactured by Ja-Ru and distributed by Wal-Mart (collectively, "Defendants"). In April, 2010, Defendants filed counterclaims for setoff (Docs. 28, 30).

In July 2010, Defendants filed summary judgment motions (Docs. 39, 40) and a joint motion to bar Sumner's retained expert (Doc. 41). In September 2010, the Court, after a hearing, and with careful and thorough analysis, denied the joint motion to bar and, additionally, denied Defendants' motions for summary judgment, stating that its reasons

would be articulated in a future detailed order (Doc. 52).[1]  The Court now undertakes to articulate those reasons.

## II.    Factual background[2]

In March 2008, Sumner purchased two Play Phones for her twin sons, James and Jesse Lewis, who were nearly four years old.  The Play Phone is a battery-operated toy that makes sounds when the buttons on the phone are pressed.  The battery compartment houses three alkaline-manganese button cell batteries.   The battery compartment was covered by a plastic door which was secured with a screw.   In April 2008, following a period of illness, James was taken to St. Louis Children's Hospital for examination, and a small battery was discovered lodged in his nasal passage. The battery caused James to suffer a burn in his nasal septum, resulting in surgical removal, further surgeries and a large septal perforation.

On the same day that the battery was discovered in James's nasal passage, Michael Lewis, James's father, found the Play Phone under James's bed.  At the time the phone was found, the battery compartment door was about 20 inches away from the phone with the screw that secured it to the phone still in place.  The back of the phone was scratched in the area where the battery compartment door would have been secured.

---

[1]Because both Ja-Ru and Wal-Mart make the same arguments based on the same or similar authority, it would be duplicative for the Court to do other than address them together. Accordingly, the Court will refer to Defendants collectively and analyze their summary judgment motions as one.

[2] These undisputed facts plainly appear in the record, in documentary material, or in deposition testimony submitted with the parties' memoranda.

Sumner's retained expert, Bert L. Reiner, a mechanical engineer and manufacturing consultant, examined, evaluated and rendered his opinion on the subject phone and an exemplar of it. Reiner opined that the toy was improperly labeled and posed a potential hazard when subjected to reasonable, foreseeable damage or abuse. He identified problems with the toy's age-grading[3] and product design[4], as well as violations of industry standards (because of the wrong age-grading) and federal regulations (the design must be safe for use as intended, plus misuse in a reasonable and foreseeable manner).

Defendants seek summary judgment as a matter of law on Sumner's strict liability and negligence claims. Defendants acknowledge that they placed the Play Phone at issue in the stream of commerce. They contend that James misused, abused, modified and altered the phone in a manner that was not reasonably foreseeable, and that this misuse, abuse, modification and alteration of the phone proximately caused James's injury.

## III.  Legal Standard Governing Summary Judgment Motions

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the

---

[3] Reiner opined that the toy should have been graded for 2+ to 6+ because products designed for children under the age of 3 are tested more stringently. The toy was graded 6+, and included in the packaging a choking hazard/small parts warning. Reiner indicated at his deposition that 2+ was a typo: the toy should have been graded 2- not 2+, which means for children under age 2.

[4] According to Reiner, the battery door is 1.5 mm thick and is held on by a 2 mm screw. So, only one thread is engaged, and, allegedly, the door can be dislodged with minimal effort.

moving party is entitled to judgment as a matter of law. ***Turner v. The Saloon, Ltd.,*** **595 F.3d 679, 683 (7th Cir. 2010);** ***Durable Mfg. Co. v. U.S. Department of Labor,*** **578 F.3d 497, 501 (7th Cir. 2009) (citing** FED. R. CIV. P. 56(c)). ***Accord Alabama v. North Carolina,*** **-- U.S. --, 130 S. Ct. 2295, 2308 (2010);** ***Levy v. Minnesota Life Ins. Co.,*** **517 F.3d 519 (7th Cir. 2008);** ***Breneisen v. Motorola, Inc.,*** **512 F.3d 972 (7th Cir. 2008) (citing** ***Celotex Corp. v. Catrett,*** **477 U.S. 317, 322-23 (1986)).**

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. ***National Athletic Sportswear, Inc. v. Westfield Ins. Co.,*** **528 F.3d 508, 512 (7th Cir. 2008).** ***Accord Reget v. City of La Crosse,*** **595 F.3d 691 (7th Cir. 2010);** ***TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.,*** **491 F.3d 625, 630 (7th Cir. 2007).**

What the undersigned may *not* do in deciding a summary judgment motion is evaluate the weight of the evidence, judge the credibility of witnesses or determine the truth of the matter. The court's only role is to determine whether there is a genuine issue of triable fact. ***National Athletic,*** **528 F.3d at 512 (citing** ***Doe v. R.R. Donnelley & Sons Co.,*** **42 F.3d 439, 443 (7th Cir. 1994)).**

A factual dispute is genuine "only if a reasonable jury could find for either party," and disputed facts must be outcome-determinative to be "material" and preclude summary judgment. ***Montgomery v. American Airlines, Inc.,*** **626 F.3d 382, 389 (7th Cir. 2010).** ***See also Van Antwerp v. City of Peoria, Illinois,*** **627 F.3d 295, 297 (7th Cir. 2010).**

But, as the Seventh Circuit Court of Appeals reiterated within the past month, in assessing the record before him, the undersigned Judge bears in mind that "the party opposing the motion gets the benefit of all facts that a reasonable jury might find." *Loudermilk v. Best Pallet Co., LLC.*, **-- F.3d --, 2011 WL 563765, *2 (7th Cir. Feb. 18, 2011).**

## IV. <u>Analysis</u>

This Court applies the substantive law of the forum state (Illinois) in this diversity jurisdiction-based case. *Erie R.R. Co. v. Tompkins*, **304 U.S. 64, 78 (1938);** *Lummis v. State Farm Fire & Cas. Co.*, **469 F.3d 1098, 1100 (7th Cir. 2006);** *Wolverine Mut. Ins. v. Vance*, **325 F.3d 939, 942 (7th Cir. 2003).**

### A. <u>Standard to establish a prima facie case of negligence</u>

Under Illinois law, in order to prevail on her claim of negligence, Sumner must show that (1) a duty was owed by Defendants to her; (2) Defendants breached that duty, and (3) that the breach proximately caused her injury. *Lindenmier v. City of Rockford*, **508 N.E.2d 1201, 1207-08 (Ill. App. Ct. 1987) (citing** *Holbrook v. Peric*, **473 N.E.2d 531 (Ill. App. Ct. 1984)).**

Manufacturers have a "nondelegable duty to design reasonably safe products." *Calles v. Scripto-Tokai Corp.*, **864 N.E.2d 249, 264 (Ill. 2007) (citations omitted).** This entails a duty to design its "product so that it is reasonably safe for its intended use and for any reasonably foreseeable use." *Sanchez v. Bock Laundry Machine Co.*, **438 N.E.2d 569, 572 (Ill. App. Ct. 1982).** Additionally, a product may be unreasonably dangerous where its manufacturer fails to adequately warn potential users of possible

dangers. *Byrne v. SCM Corp.*, **538 N.E.2d 796, 811 (Ill. App. Ct. 1989).** Such warnings may be found to be inadequate where they fail to specify the risk, if they are inconsistent with how the product is to be used, if they fail to advise of the reason for the warnings, or if the warnings do not reach the foreseeable users. *Id.*

### B. Standard to establish a prima facie case of strict liability for products

Under Illinois law, manufacturers are held strictly liable for products that are not reasonably safe. *Hansen v. Baxter Healthcare Corp.*, **764 N.E.2d 35, 43 (Ill. 2002);** *Anderson v. Hyster Co.*, **385 N.E.2d 690, 692 (Ill. 1979).** Sellers may also be held strictly liable for injuries caused by unreasonably dangerous products that they put into the stream of commerce, regardless of whether they actually knew of the defect, contributed to the defect or failed to discover the defect. *Sims v. Teepak, Inc.*, **493 N.E.2d 721, 723-24 (Ill. App. Ct. 1986).**

To prevail in an action for strict liability, Sumner must prove (1) an injury resulted from a condition of the product; (2) the condition was unreasonably dangerous; and (3) the condition existed at the time the product left the manufacturer's control. *Kelso v. Bayer Corp.*, **398 F.3d 640, 642 (7th Cir. 2005) (quoting** *Sollami v. Eaton*, **772 N.E.2d 215, 219 (Ill. 2002)).**

A product may be unreasonably dangerous because of a design defect, a manufacturing defect, a failure to warn of a danger, or a failure to instruct on the proper use of the product as to "which the average consumer would not be aware." *Id.* A plaintiff

may demonstrate defective design in a product, thereby subjecting a retailer and manufacturer to strict liability for resulting injuries, in two ways:

> "(1) by introducing evidence that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner or (2) by introducing evidence that the product's design proximately caused his injury and the defendant fails to prove that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs."

*Hansen*, **764 N.E.2d at 43 (quoting** *Lamkin v. Towner*, **563 N.E.2d 449 (Ill. 1990)).** The first approach is commonly referred to as the "consumer expectation" test, and the second method is often called the "risk-utility" test. *Id.*

### C.  Alteration and Modification

Defendants contend that the "breaking" of the Play Phone, which made the batteries accessible to James, constituted an unforeseeable "abuse, misuse, alteration and modification" of the toy. Docs. 39, 40 at p. 8. They further contend that this abuse, misuse, alteration and modification proximately caused James's injury. *Id.*

Under the negligence standard for products liability, to establish a prima facie case, Sumner must first show that the breach of Defendants' duty to design a reasonably safe product proximately caused James's injury. *Lindenmier,* **508 N.E.2d at 1207-08 (Ill. App. Ct. 1987) (citing** *Holbrook,* **473 N.E.2d 531 (Ill. App. Ct. 1984)).** To escape liability based on an intervening cause, such as misuse or abuse, Defendants must demonstrate that the intervening event made a substantial alteration to the product, *Gasdiel v. Federal Press*

*Co.*, **396 N.E.2d 1241, 1244 (Ill. App. Ct. 1979),** and unforeseeable as a matter of law, *Wiedemann v. Industrial Erectors, Inc.*, **483 N.E.2d 990, 997 (Ill. App. Ct. 1985)**.

Under the strict liability standard, a manufacturer or seller may not be held liable for dangerous condition caused by an alteration or modification to the product after it leaves the manufacturer's control unless such an alteration or modification was reasonably foreseeable. *Woods v. Graham Engineering Corp.*, **539 N.E.2d 316, 318-19 (Ill. App. Ct. 1989).** A finding of unforeseeable alterations and modifications would allow Defendants to defeat Sumner's claim under strict liability by showing the Play Phone was not used as intended or as reasonably foreseeable or by showing the Play Phone's design did not proximately cause James's injury.

No reasonable jury could find that the Play Phone had not been substantially altered or modified between the time that Ja-Ru manufactured it, and Wal-Mart sold it - and the time of James's injury. Michael Lewis testified the battery compartment door was intact and that the screw securing the battery compartment door did not appear loose when Sumner gave the Play Phone to James. Doc. 39-2, Lewis Dep. 40:5-25. Whether the battery compartment door was pried open with a sharp object is disputed by the parties. Regardless of how the battery compartment door was pried open, it was found broken off and lying 20 inches from the Play Phone. Doc. 39-2, Lewis Dep. 37:10-23.

This alteration and modification of the phone allowed the battery to become accessible to James. Had the phone been in the same condition it was in when first purchased, this injury would not have occurred.

A question remains as to whether the alteration and modification of the phone was unforeseeable. In product liability cases, the foreseeability of alterations, modifications, misuse or abuse is typically a question of fact reserved for the fact finder. *Gracyalny v. Westinghouse Electric Corp.*, **723 F.2d 1311, 1316 (7th Cir. 1983);** *May v. Rubbermaid,* **2002 WL 34447178 (N.D.Ill. 2002);** *McCormick v. Bucyrus Erie Co.,* **400 N.E.2d 1009, 1015 (Ill. App. Ct. 1980)**. Defendants cite *Kempes v. Dunlop Tire and Rubber Corp.,* **548 N.E.2d 644 (Ill. App. Ct. 1989)**, in an effort to show that the alteration or modification made by James was unforeseeable as a matter of law. *Id.* **at 647.** In *Kempes*, a child was injured when he cut into the center of a golf ball, and the contents of the small, inner ball squirted into his eye, injuring him. *Id.* **at 645.** The Court finds that this case is not analogous to the matter *sub judice* because a golf ball is intended for adult use, and a child altering or abusing a golf ball is not reasonably foreseeable. But it is a question of fact whether a child removing the battery compartment door from a toy phone or breaking a toy phone in a way that would expose the batteries is reasonably foreseeable. As such, summary judgment in favor of Defendants is not merited on the grounds of unforeseeable alteration or modification.

### D. Misuse and Abuse

"Misuse of a product" is use for a purpose or in a manner which is neither intended nor foreseeable. *Wheeler v. Sunbelt Tool Co.,* **Inc., 537 N.E.2d 1332, 1343 (Ill. App. Ct. 1989)**. The misuse of a product is a defense in products liability actions only where it is shown that the conduct amounts to a misuse which was not reasonably

foreseeable by the manufacturer. ***Schulz v. Rockwell Mfg. Co.*, 438 N.E.2d 1230, 1232 (Ill. App. Ct. 1982).** As such, even a showing that Sumner used the product incorrectly or carelessly does not bar recovery where the use should have been reasonably foreseeable by Defendants. ***Id.***

As Defendants state, it is obvious that the Play Phone is intended to be used "as a play toy for children to play with." Doc. 39, 40 at 10. The evidence in the record does not conclusively show how the phone was broken. Defendants contend that the removal of the battery compartment door required "an extreme use of force" and the use of a "sharp implement." *Id* at 12. Sumner counters that Defendants have not affirmatively established that the Play Phone was damaged by use that went beyond the intended use of playing with the toy. Sumner rebuts Defendants' assertion that the removal of the battery compartment door required an extreme use of force with the testimony of Mr. Reiner, who explained that the battery compartment door separated from the Play Phone when dropped onto a concrete floor from a height of 54 inches. Doc 45-3, Reiner Dep. 112:22-113:5. Sumner contends that there is no evidence that the battery compartment door was pried open with a sharp instrument, relying on testimony from Michael Lewis that James Lewis did not have access to any sharp objects. Doc. 39-2, Lewis Dep. 47:3-13.

Because a genuine issue of material fact remains regarding whether James's use of the phone was neither intended nor reasonably foreseeable, the Court declines to decide as a matter of law whether the Play Phone was misused or abused. Additionally, as stated previously, foreseeability is typically a question of fact reserved for the fact finder.

*Gracyalny* , **723 F.2d at 1316.** The Court finds that genuine issues of material fact remain regarding the manner in which James played with the Play Phone and the foreseeability of that play, such that summary judgment is not warranted.

Even if the Court found that the manner in which James played with the Play Phone constituted misuse as a matter of law, the defense of misuse does not preclude recovery under strict product liability actions. Rather, it operates to reduce a plaintiff's recovery by the amount of fault apportioned to him. *Varilek v. Mitchell Engineering Co.*, **558 N.E.2d 365, 377 (Ill. App. Ct. 1990) (citing** *Such v. H & B Printing Machinery, Inc.*, **541 N.E.2d 1206, 1212 (Ill. App. Ct. 1989)).** For the foregoing reasons, summary judgment in favor of Defendants is not merited on the grounds of misuse or abuse.

In sum, viewing the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, the Court finds that summary judgment is not warranted on either Sumner's negligence claim or her strict liability claim.

**V.**     <u>**Conclusion**</u>

Pursuant to this Court's Order of September 17, 2010 (Doc. 52), the Court has set forth in detail its reasons for denying Ja-Ru's and Wal-Mart's summary judgment motions (Docs. 39, 40).

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2011**

**s/Michael J. Reagan**
MICHAEL J. REAGAN
United States District Judge