IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA SUMNER, as mother and next friend of James Lewis, a minor,<br><br>    Plaintiff,<br><br>v.<br><br>JA-RU, INC., and WAL-MART STORES, INC.,<br><br>    Defendants. | Case No. 09-cv-0427-MJR |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

      Now before the Court is Defendants' motion seeking reconsideration of an October 14, 2010 ruling. On that date, the undersigned Judge issued his Order (Doc. 76) granting Angela Sumner's motion for leave to file her second amended complaint (Doc. 75).

      Defendants state that the day after the Court made its determination, they filed Memorandum in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, or in the Alternative, Motion to Reconsider (Doc. 79), which they state was filed as a response but intended to be a motion to reconsider. In essence, Defendants maintain that Sumner's motion for leave to amend was improper, untimely and lacked any logical basis to support a finding of punitive damages.

      Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." **Fed. R. Civ. P. 15(a)(2)**. The court "should freely give leave when justice so requires." *Id*. "Although the rule reflects a liberal attitude towards the amendment of pleadings,

courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." ***Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008) (citing *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002)**). "Delay on its own is usually not reason enough for a court to deny a motion to amend." ***Id.*(citing *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir. 1992)**).

In making its ruling, the Court found no undue delay, nor was the motion futile. Defendants are not unfairly surprised that Sumner sought to add a claim for punitive damages, and, as stated in its Order, the Court made no determination at that juncture whether the punitive damages claim would be allowed to go to the jury.

In sum, Defendants present no basis to vacate the Order and no ground upon which reconsideration is proper. ***See, e. g., Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). *Accord Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985) (Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

For these reasons, the Court **DENIES** Defendants' March 17, 2011, motion to reconsider (Doc. 109).

IT IS SO ORDERED.

DATED this 21st day of March 2011

                                                   s/Michael J. Reagan
                                                   MICHAEL J. REAGAN
                                                   United States District Judge