# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA SUMNER, as mother and next friend of James Lewis, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JA-RU, INC., and WAL-MART STORES, INC., | ) ) ) ) |
| Defendants. | ) ) |

Case No. 09-cv-0427-MJR

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In this strict liability and negligence lawsuit against Ja-Ru, Inc., and Wal-Mart Stores, Inc., (collectively, Defendants), Angela Sumner claims that her son, James Lewis, sustained injury when a button battery from a Play Phone became lodged in his nose. Sumner alleges that the design of the Play Phone was unreasonably dangerous and that Defendants failed to adequately warn that the product had the potential to be used in a hazardous manner. James suffered a burn in the nasal septum which resulted in a large septal perforation, requiring surgery and continued medical treatment.

Now before the Court is Defendants' motion seeking reconsideration of a March 15, 2011 ruling. On that date, the undersigned Judge issued its Order (Doc. 107) denying Sumner's motion to bar the testimony of Defendants' liability experts, Dennis Brickman and Donald Duvall, except as to Brickman's opinions regarding parental supervision, which the Court ruled was inadmissible.

Defendants' counsel maintain that Sumner has been rewarded for filing an untimely *Daubert* motion and that it is unfair and prejudicial that the Court granted it as to Brickman's testimony on parental supervision without a hearing. According to Defendants, "[i]t is of the utmost importance to Mr. Brickman and his professional career that he be afforded the opportunity to present the basis and foundation for his opinions regarding parental supervision."

Defendants did, in fact, have an opportunity to present their reasons why Brickman should be allowed to testify on this subject and filed a 24-page memorandum with 99 pages of exhibits (Doc. 83). The Court carefully considered Defendants' submission before making its determination. Put simply, the Court does not agree that the proposed testimony will "assist the trier of fact to understand the evidence or to determine a fact and issue." ***Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)**.

In sum, Defendants present no basis to vacate the Order and no ground upon which reconsideration is proper. ***See, e. g., Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). *Accord Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985) (Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

For these reasons, the Court **DENIES** Defendants' March 16, 2011, motion to reconsider (Doc. 108). Counsel are reminded that they must present a <u>joint</u>, <u>signed</u> Final Pretrial Order at the March 24 final pretrial conference. Proposed jury instructions (with each clean copy paper-clipped *behind* the corresponding marked copy) are due at 9:00 a.m. on day one of trial.

**IT IS SO ORDERED.**

**DATED this 22nd day of March 2011**

                                            <u>s/Michael J. Reagan</u>
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**